JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED
FEB 15 2001
Michael N. Milby
Clerk of Court

**I (a) PLAINTIFFS/MOVANT**

JAIME CANTU

**DEFENDANTS**

UNITED STATES OF AMERICA

B-01-028

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

CAMERON

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

LARRY WARNER
777 E. HARRISON ST., 2ND FLOOR
BROWNSVILLE, TEXAS  78520

**ATTORNEYS (IF KNOWN)**

UNITED STATES ATTORNEY
MERVYN MOSBACKER
SOUTHERN DISTRICT OF TEXAS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28USC 2255 MOTION TO VACATE

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
|  |  | **PERSONAL INJURY** |  |  | ☐ 850 Securities/Commodities/Exchange |
|  | ☐ 362 Personal Injury—Med Malpractice |  |  |  |
|  | ☐ 365 Personal Injury—Product Liability |  |  |  |
|  | ☐ 368 Asbestos Personal Injury Product Liability |  |  |  |
|  | **PERSONAL PROPERTY** | ☐ 690 Other | **LABOR** | **SOCIAL SECURITY** |  |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 385 Property Damage Product Liability |  | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Other |  |  |  |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** NONE

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE  HARMON  DOCKET NUMBER  H99 80 1

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,

USDC #

United States District Court
Southern District of Texas
FILED

FEB 15 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | B-01-028. |
| VS. | § § | Cause No. H-99-80-1 |
| JAIME CANTU | § | |

## Motion to Vacate Sentence

Pursuant to 28 U.S.C. Sec.2255

This post conviction Petition for Writ of Habeas Corpus, Pursuant to 28 U.S.C., Sec.2255, is brought by Petitioner, **JAIME CANTU,** Prisoner number #85945-079, Federal Correctional Institution, Bastrop, Texas, by his attorney, Larry Warner, 777 E. Harrison Street, Brownsville, Tx 78520.

1. The name and location of the Court which entered the judgment of conviction under attack: **United States District Court Southern District of Texas, Houston Division.**

2. The date of judgment of conviction: **February 10, 2000.**

3. The Length of sentence:

4. The nature of the offense involved was of:

1) **BEGINNING ON OR ABOUT JANUARY 5, 1997, TO ON OR ABOUT APRIL 22, 1999, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 841 (a)(1), 841 (B)(1)(A) CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND MARIJUANA.**

5. Petitioner pleaded **guilty** to the indictment.

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: **entered a**

JAIME CANTU 2255 PETITION - 1

   **guilty plea to count one(1S).**

6. Kind of Trial: **Judge** only

7. Did you testify at the trial?: **No.**

8. Did you appeal from the judgment of conviction?: **No.**

9. If you did appeal, answer the following:

   (a) Name of Court:

   (b) Result:

   (c) Date of result:

10. Other than a direct appeal form the judgment of conviction and sentence, have you previously filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court?: **NO.**

11. If your answer to 10, was "yes," give the following information:

   (1) Name of Court:

   (2) Nature of proceeding:

   (3) Grounds raised:

   (4) Did you receive an evidentiary hearing on your Petition or Motion?:

   (5) Result:

   (6) Date of result:

(C) Did you appeal, to an Appellate Federal Court having jurisdiction, the result of action taken on any Petition, Application, or Motion? NO

   Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

   (1) First Petition, etc. Yes

   Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

JAIME CANTU 2255 PETITION - 2

Case 1:01-cv-00028  Document 1  Filed in TXSD on 02/15/2001  Page 4 of 13

    (D)    If you did not appeal from the adverse action, on any Petition, Application, or Motion, explain briefly why you did not:

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary you may attach pages stating additional grounds and facts supporting same.

A. Movant was deprived of his right to appeal. He told his counsel he wished to appeal. Witnesses heard the conversation. His counsel did not appeal.

B. The trial court erred in assessing two points against Movant for leadership. Movant wishes to raise this ground on appeal.

13. If any of the grounds listed in 12 A, B, C, and d were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: **N/A**

14. Do you have any Petition or Appeal now pending in any Court as to the judgment under attack? **No.**

15. Attorneys below:

    (A)    At preliminary hearing: Abel Cavada

    (B)    At arraignment and plea:

    (C)    At trial: Juan Solis

    (D)    At Sentencing: Juan Solis

(E)    On appeal: None.

(F)    In any post-conviction proceeding: Mr. Warner

(G)    On appeal from any adverse ruling in a post-conviction proceeding: **N/A**

JAIME CANTU 2255 PETITION -

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same Court and at the same time? **No.**

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? **No.**

18. This Motion is filed at this time because Mr. Warner miscalendared the date of the entry of the judgment for February 19, 2001 instead of the correct date of February 12, 2001. The judgment was entered on February 10, 2000. One year from that date, February 10, 2001, is a Saturday. So, this Motion ought to have been calendared for prescription on February 12, 2001. Mr. Warner misread the calendar and wrote it down for the following Monday, February 19, 2001. The Motion is tendered to the clerk on February 15, 2001.

19. The Court's attention is requested to the affidavits annexed to this Motion. Ex 1 is that of Jaime Cantu. Ex 2 is that of Rosa Cedillo.

If so, give name and location of Court which imposed sentence to be served in the future:
And give date and length of sentence to be served in the future: **Inapplicable.**

Have you filed, or do you contemplate filing, any Petition attacking the judgment which imposed the sentence to be served in the future? **Inapplicable.**

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Respectfully submitted,

Larry Warner
Attorney for Petitioner
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar # 20871500/USDC,SDTX/1230

JAIME CANTU 2255 PETITION - 4

IN THE UNITED STATE'S DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,

USDC #

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | Cause No. H-99-80-1 |
| JAIME CANTU | § | |

AFFIDAVIT

BEFORE ME, THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED, LARRY WARNER, KNOWN TO ME TO BE THE PERSON WHOSE NAME IS SUBSCRIBED BELOW, AND UPON BEING DULY SWORN HE DEPOSED AND SAID:

"My name is Larry Warner, I am an attorney for appellant in the above-entitled and numbered cause. I am over the age of 18, of sound mind and competent in all respects to make this affidavit. All the foregoing allegations of fact are within my personal knowledge true, save and except for those allegations made upon information and belief, which I am informed and do believe are true. I swear that they are true.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION
USDC #

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | Cause No. H-99-80-1 |
| JAIME CANTU | § | |

Pursuant to 28 U.S.C. Sec.2255

This post conviction Petition for Writ of Habeas Corpus, Pursuant to 28 U.S.C., Sec.2255, is brought by Petitioner, **JAIME**

**CANTU**, Prisoner number #85945-079, Federal Correctional Institution, Bastrop, Texas, by his attorney, Larry Warner, 777 E. Harrison Street, Brownsville, Tx 78520.

1. The name and location of the Court which entered the judgment of conviction under attack: **United States District Court Southern District of Texas, Houston Division.**

2. The date of judgment of conviction: **February 10, 2000.**

3. The Length of sentence:

    4. The nature of the offense involved was of:

    1) **BEGINNING ON OR ABOUT JANUARY 5, 1997, TO ON OR ABOUT APRIL 22, 1999, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 841 (a)(1), 841 (B)(1)(A) CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND MARIJUANA.**

5. Petitioner pleaded **guilty** to the indictment.

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: **entered a guilty plea to count one(1S).**

6. Kind of Trial: **Judge** only

7. Did you testify at the trial?: **No.**

8. Did you appeal from the judgment of conviction?: **No.**

9. If you did appeal, answer the following:

    (a) Name of Court:

    (b) Result:

    (c) Date of result:

10. Other than a direct appeal form the judgment of conviction and sentence, have you previously filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court?: **NO.**

11. If your answer to 10, was "yes," give the following information:

JAIME CANTU 2255 PETITION - 6

  (1) Name of Court:

  (2) Nature of proceeding:

  (3) Grounds raised:

  (4) Did you receive an evidentiary hearing on your Petition or Motion?:

  (5) Result:

  (6) Date of result:

(C) Did you appeal, to an Appellate Federal Court having jurisdiction, the result of action taken on any Petition, Application, or Motion? NO

Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(1) First Petition, etc. Yes

Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(D) If you did not appeal from the adverse action, on any Petition, Application, or Motion, explain briefly why you did not:

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary you may attach pages stating additional grounds and facts supporting same.

A. Movant was deprived of his right to appeal. He told his counsel he wished to appeal. Witnesses heard the conversation. His counsel did not appeal.

B. The trial court erred in assessing two points against Movant for leadership. Movant wishes to raise this ground on appeal.

JAIME CANTU 2255 PETITION - 7

13. If any of the grounds listed in 12 A, B, C, and d were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: **N/A**

14. Do you have any Petition or Appeal now pending in any Court as to the judgment under attack? **No.**

15. Attorneys below:

   (A) At preliminary hearing: Abel Cavada

   (B) At arraignment and plea:

   (C) At trial: Juan Solis'

   (D) At Sentencing: Juan Solis

   (E) On appeal: None.

   (F) In any post-conviction proceeding: Mr. Warner

   (G) On appeal from any adverse ruling in a post-conviction proceeding: **N/A**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same Court and at the same time? **No.**

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? **No.**

18. This Motion is filed at this time because Mr. Warner miscalendared the date of the entry of the judgment for February 19, 2001 instead of the correct date of February 12, 2001. The judgment was entered on February 10, 2000. One year from that date, February 10, 2001, is a Saturday. So, this Motion ought to have been calendared for prescription on February 12, 2001. Mr. Warner misread the calendar and wrote it down for the following Monday, February 19, 2001. The Motion is tendered to the clerk on February 15, 2001.

19. The Court's attention is requested to the affidavits annexed to this Motion. Ex 1 is that of Jaime Cantu. Ex 2 is that of Rosa Cedillo.

If so, give name and location of Court which imposed sentence to be served in the future:
And give date and length of sentence to be served in the future: **Inapplicable.**

Have you filed, or do you contemplate filing, any Petition attacking the judgment which imposed the sentence to be served in the future? **Inapplicable.**

　　Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Respectfully submitted,

*[signature]*

Larry Warner
Attorney for Petitioner
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar # 20871500/USDC,SDTX 1230

SWORN and SUBSCRIBED to before me on this the 15th day of February of 2001.

*[Notary stamp: REBECCA SANDOVAL, Notary Public, STATE OF TEXAS, My Comm. Exp. 06-05-2004]*

*[signature]*
NOTARY PUBLIC STATE OF TEXAS

In the United States District Court
for the Southern District of Texas
Houston Division

The United States of America vs Jaime Cantu
# H 99 80 1

I, Jaime Cantu accompanied by my counsel Mr. Warner, present the following declarations to the Court in this proceeding. I am a prisoner at the Federal Correctional Institution at Bastrop, TX. I present this declaration under penalty of perjury.

My Attorney was Mr. Juan Solis, We had hired Attorney Abel Cabada, Mr Cabada hired Mr. Solis

Mr. Solis came to see me the day before the Sentence. He told me he thought I would get 60 months. The Prosecuter reccommended 75 month's, saying I was a manager. The judge sentenced me to 75 months. I asked Mr. Solis what happened. He told me the judge had given me the chance to Appeal. He told me we were going to Appeal those two points (for Manager). Then I told him to go tell my family that we are going to Appeal. I wanted him to Appeal. I told Mr. Solis on the day of Sentencing I wanted to Appeal.

After the judge told me the sentence, I told Mr. Solis that what was going on. He told me not to worry, That the judge just gave me the rights to Appeal. He told me he would Appeal.

EXHIBIT 1

In the United States District Court
for the Southern District of Texas
Houston Division; # H 99 80 1
The United States of America vs. Jaime Cantu

Declaration of Jaime Cantu (continued)

And, Then he went to talk to my family in back of the Court. My family told him that they would like him to Appeal. He told them he was going to talk to me. But he Never did. I try to talk to him by phone He Never answered my calls. If I had being able to talk to him, I would tell him to Appeal, those two Points (for manager). I called him from F.D.C. Houston like twice a day for about 3 weeks. They charge my Commsary acount for all these telefone Calls. I would only talk to the secratary And tell her I wanted to talk to Mr. Seils
In the day of Sentencing he (mr. seils) told me he would talk to me that day at the Federal Building And he Never Called me out. He did Not talk to me at the Federal Building after the Sentening. I never talked to him or saw him after the sentening.

11-19-00

Jaime Cantu

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

Before me the undersigned authority appeared this day Rosa Cedillo, whose identity was proven to me, who, being deposed, upon her oath swore:

My name is Rosa Cedillo. I am the sister of Jaime Cantu, the defendant in the instant action. I am a legal assistant for Attorney John King, of McAllen.

At trial the family hired Abel Cabada; he engaged Juan Solis to represent Jaime Cantu at trial.

After sentencing, we all walked out of the courtroom. I asked the attorney, "What about an appeal? Is there a time limit for an appeal?" Mr. Solis told me that he would not recommend an appeal. He did not say why he would not recommend an appeal.

Mr. Solis did say that he would go see Jaime and that he would talk to him.

After we got home, Jaime called me on the telephone and told me that he (Jaime) was going to talk to Mr. Solis about an appeal. He said, "I'm going to talk to Juan [Solis] about an appeal." I told Jaime that Mr. Solis had told me that Mr. Solis was going to see Jaime and was going to talk to him. I told Jaime to be sure to ask Mr. Solis about the thirty day time limit. Jaime told me that he was going to talk to Mr. Solis.

Within thirty days of sentencing, Jaime told me that Jaime had tried to call Mr. Solis many times. Jaime told me that Mr. Solis never took my calls. Jaime told me that Mr. Solis never went to see him. Jaime told me that while the proceedings in court were taking place, Mr. Solis had told him not to worry, "We can appeal."

I told Jaime that Jaime needed to tell Mr. Solis that he wanted to appeal. Jaime told me that Mr. Solis knew about the appeal because while the judge was sentencing me, Mr. Solis told me "Don't worry, Jaime, we can appeal."

Jaime told me that he had called Mr. Solis many times but that Mr. Solis never called him and never went to see him.

                                                _Rosa Cedillo_ (signature)
                                                Rosa Cedillo

**SUBSCRIBED AND SWORN** before me, on the 5TH day of September, 2000, to certify which witness my hand and official seal.

[Notary seal: NORMA D WARNER, NOTARY PUBLIC, State of Texas, Comm. Exp. 07-19-2003]

_Norma M. Warner_ (signature)
NORMA MARTINEZ WARNER
NOTARY PUBLIC IN AND FOR THE STATE
OF TEXAS-Commission Exp: 7/19/03



EXHIBIT 2